**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1143
_____

WILLIAM WALLACE,

Appellant

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; MARJORIE
CLOMAN; MELANIE DUNCAN; JOSEPH M. HANKINS; BRITT HANKINS & MOUGHAN;
CRAIG CLIFFORD; ROBERT MUNDY; LEONARD BRODY; SUBURBAN ORTHOPAEDIC
SPECIALISTS P.C.; LISE LUBORSKY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-13-cv-03867)
District Judge: Honorable Lawrence F. Stengel

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 8, 2014

Before: FUENTES, FISHER, and KRAUSE, *Circuit Judges*

(Filed:  December 18, 2014)

_____

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*:

Plaintiff William Wallace appeals from the District Court's dismissal of his suit with prejudice.

According to Wallace, defendant Marjorie Cloman was driving negligently when her car struck him while walking near his home, causing him serious injuries. Wallace's insurer State Farm mostly denied coverage, allegedly because Cloman, State Farm, its lawyers, and its doctors—all defendants in this case—colluded to misrepresent the accident and his injuries. Wallace then filed five successive actions in Pennsylvania state court arising from the accident with Cloman. This suit is the latest of those actions. Wallace's complaint brings eight state law claims: (1) bad faith denial of insurance benefits against State Farm; (2) breach of the insurance policy against State Farm; (3) negligence against Cloman; (4) an unspecified common law claim relating to Wallace's expenditure of "needless" litigation costs; (5) negligent representation; (6) fraud; (7) abuse of process, in the prior state court litigation; and (8) civil conspiracy. As pled in the complaint, the illegal acts of the conspiracy included fraudulent misrepresentation; destruction of evidence; harassment in the prior related lawsuits; and "deceptive conduct which violated various federal laws including 18 U.S.C. § 1341 and 1343." Those sections of Title 18 contain the federal criminal prohibitions on mail fraud and wire fraud.

The defendants removed to the Eastern District of Pennsylvania, where Wallace moved to remand for want of jurisdiction and the defendants moved to dismiss. The District Court found there was federal jurisdiction because Wallace pled federal law

2

violations in support of his civil conspiracy claim, and it denied Wallace's motion to remand on that basis. The District Court then granted the defendants' motion to dismiss all counts. The District Court held that Counts I, II, and III were duplicative of counts brought in a prior suit and thus barred by res judicata. As to the remainder, the District Court found them to constitute a "fishing expedition to find a way to extract more money from his insurer." The basis for this view was that Wallace's complaint was drafted by a disbarred attorney suspended from law practice for filing frivolous claims of fraud and civil conspiracy, and that the complaint was moreover copied verbatim from a previous complaint drafted by the disbarred attorney. Noting that we have instructed the District Court to use common sense in reviewing a complaint on a motion to dismiss, the District Court explained that his common sense told him that "Mr. Wallace has no idea whether there was actually a conspiracy to reduce his insurance claim."

On appeal, Wallace challenges the District Court's finding of federal question jurisdiction. He argues that, should we find the District Court invoked jurisdiction properly, his claims should not have been dismissed under the liberal pleading standards of the Federal Rules. Wallace's appellate brief does not address the District Court's res judicata analysis, nor its findings as to the circumstances of Wallace's fifth filing.

After a careful review of the record and Wallace's arguments on appeal, we find that dismissal with prejudice was proper for the reasons substantially stated by the District Court. We will therefore affirm.